UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY HYMAN, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:25-CV-1300-X-BN |
| CITY OF IRVING HOUSING AND REDEVELOPMENT, et al., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Ashley Hyman filed this lawsuit against the City of Irving Housing and Redevelopment, as well as two employees for violations of section 1983 stemming from Hyman's application to the City's Homeless Prevention Program. Hyman filed an emergency motion for a temporary restraining order asking this Court to dismiss the justice court's eviction order and to enjoin the eviction proceedings in state court. (Docs. 7, 9). The Court ordered Hyman to serve her motion on the defendants and ordered a response. (Doc. 6). The Defendants did not file a response to Hyman's motion. Regardless, the principles of federalism, equity, and comity keep this Court from vacating, dismissing, enjoining, or otherwise interfering with an ongoing state court proceeding. The motion is **DENIED**.

In our system of government, federalism restrains the federal and state governments to their respective spheres. The Texas state court system is separate and sovereign from that of the federal court system. "[T]he normal thing to do when

1

federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."[1] The Fifth Circuit has recognized that "*Younger* abstention is generally deemed appropriate where assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character."[2] To determine whether *Younger* abstention applies, the Court looks to three prongs: "(1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges."[3]

Here, there is an ongoing state judicial proceeding. Hyman has pending motions in both the justice court and the state district court related to her tenancy.[4] Tenancy and property interests are of important interest to the state. And finally, there is an adequate opportunity for Hyman to raise her constitutional challenges in the state court proceeding by appealing the eviction order to the state district court. This Court cannot, and should not, intervene to dismiss a state court order or enjoin ongoing state court proceedings.

Hyman filed her motion for TRO under seal. Therefore, within 30 days of the date of this order, the Court **ORDERS** the Plaintiff to file either an unredacted version of her motion for temporary restraining order or to file a redacted version of

---

[1] *Younger v. Harris*, 401 U.S. 37, 45 (1971).

[2] *World of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993).

[3] *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (cleaned up).

[4] *See* Doc. 9 at 4–5.

the temporary restraining order that satisfies the Fifth Circuit Court of Appeals's sealing standards.  In the Fifth Circuit, a party seeking to file a specific document under seal[5] must move for leave to do so and: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis[6] explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists.[7]  Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[8]

---

[5] Parties should not seek to file under seal any information that is already publicly available. *June Med. Servs.*, 22 F.4th at 520 ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public.  We will abide no such absurdity." (cleaned up)).

[6] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

[7] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing."). The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g., Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket).  Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access.  *Brown*, 710 F.2d at 1179.

[8] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

## **Conclusion**

Plaintiff Hyman's motion for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED** this 2nd day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE