IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY RACQUEL HYMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1300-X-BN |
| | § | |
| CITY OF IRVING HOUSING AND REDEVELOPMENT, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ashley Racquel Hyman filed a *pro se* complaint alleging claims against a department of the City of Irving and two employees seeking equitable relief relating to a pending application for rental assistance under the City's Homeless Prevention Program. *See* Dkt. No. 3. And United States District Judge Brantley Starr referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Hyman also filed an emergency motion for a temporary restraining order asking the Court to dismiss the state justice court's eviction order, to enjoin eviction proceedings against her in state court, and to vacate an order of the state district court in a parallel lawsuit against the same defendants. *See* Dkt. Nos. 7, 9. The Court applied the *Younger* abstention doctrine and denied the motions to avoid interfering with pending state court proceedings. *See* Dkt. No. 15.

A later review of state court records in the eviction proceedings indicated that Hyman's appeal of her eviction was non-suited by the landlord. *See BMGREI Esters*

*LLC v. Hyman*, No. CC-25-04500-E (Dall. Cnty. Ct. at Law No. 5 July 14, 2025). So, to further its screening of the claims, the Court required Hyman to respond to a questionnaire to determine whether any claims in this lawsuit for equitable relief remain pending. *See* Dkt. No. 19.

Hyman responded that "[t]here is nothing left pending in this matter as it relates to the injunctive relief [she] originally sought." Dkt. No. 23 at 2.

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"'[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot.'" *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (quoting *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). If a court is "no longer capable of providing meaningful relief to the plaintiff," the case is moot. *See id.* (citing *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir.1998)). And, when a case is moot, "'a federal court has no constitutional authority to resolve the issues that it presents.'" *Id.* (quoting *Envt'l Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008)).

Hyman has admitted that there is no longer any basis for relief as to her original claims. So, the undersigned finds that the Court should dismiss this case as moot.

**Recommendation**

The Court should dismiss this case as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 1, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE